```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

PAUL SCOTT,

      Plaintiff,

v.                              Civil Action No. 2:20-cv-00627

CRACKER BARREL OLD
COUNTRY STORE, INC., and
SEAN CROSS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff Paul Scott's motion to remand this matter to the Circuit Court of Wood County, West Virginia filed October 7, 2020.

Plaintiff, Paul Scott, is a resident of Washington County, Ohio. He filed his complaint in Circuit Court of Wood County, West Virginia against defendant Sean Cross, a resident of Raleigh County, West Virginia, and Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), a Tennessee corporation with its principal place of business in Tennessee.

The complaint alleges that plaintiff, a former associate manager at a Cracker Barrel location in Wood County, had his employment terminated shortly after sustaining a foot

injury on the job. The complaint alleges that defendant Sean Cross called plaintiff and terminated him on April 6, 2020, the day before short-term disability insurance was set to activate, requiring Cracker Barrel to pay plaintiff's salary for up to twelve weeks, stating that Cracker Barrel was downsizing in light of the economic consequences of the COVID-19 pandemic. The complaint appears to allege that this reasoning was pretextual and alleges that defendants discriminated against him based on his disability and his age.

The complaint sets out three counts: disability discrimination against Cracker Barrel and aiding and abetting disability discrimination against Sean Cross (Count I), age discrimination based on disparate impact against Cracker Barrel (Count II), and age discrimination based on disparate treatment against Cracker Barrel and aiding and abetting age discrimination against Sean Cross (Count III). All three counts arise under West Virginia state law. See W.Va. Code §5-11-1 et seq. The complaint does not allege an amount in controversy, though it sets forth claims for lost wages, value of lost benefits, damages for emotional distress, punitive damages, costs, and attorneys' fees, as well as injunctive relief.

Cracker Barrel filed a notice of removal in this court on September 23, 2020 based on diversity of citizenship. See 28

U.S.C. § 1332(a)(1). In its notice of removal, Cracker Barrel alleged that plaintiff is a citizen of Ohio, that defendant Cracker Barrel is a citizen of Tennessee, and that defendant Sean Cross is a citizen of West Virginia.

Plaintiff filed the motion for remand of this case on October 7, 2020. In his memorandum, plaintiff argues that removal is improper in this case because Sean Cross is a citizen of West Virginia and the case was brought in West Virginia state court. See 28 U.S.C. § 1441. Such motion was timely made under 28 U.S.C. § 1447(c), which requires that a motion for remand on grounds other than lack of subject matter jurisdiction be made within 30 days of the filing of a notice of removal. Defendant has not filed a response memorandum. See LR Civ. P. 7.1(a)(7) (time for filing response is 14 days from date of service of motion).

The removal statute, 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This case was brought in West Virginia state court. See Compl., ECF No. 1-1. Plaintiff alleges, and Cracker Barrel concedes in its notice of removal, that Sean Cross is a West Virginia resident.

Not. of Rem., ECF No 1 at 2.  Similarly, plaintiff alleges, and Cracker Barrel concedes in its notice of removal, that Sean Cross was served with the complaint on August 11, 2020 before its removal on September 23, 2020.  Id. at 1.  Nothing before the court suggests that Sean Cross was fraudulently or otherwise improperly joined as a defendant in this case.  Removal was based solely on diversity of citizenship grounds.[1]  As such, removal in this case was improper.

      Plaintiff also moves this court to award attorneys' fees and costs associated with the improvident removal of the case.  Section 1447(c) gives the court discretion to assess against the removing party the "just costs" and expenses of opposing removal and securing remand to state court.  Courts are generally inclined to award costs and fees "when the non-removability of the action should have been obvious and thus the filing of the notice clearly was improper."  Charles Alan Wright et al, Fed. Prac. and Proc. §3739.3 114-115 (Rev. 4th ed. 2020); see also Moore v. Bishop, 520 F. Supp. 1187 (D.S.C. 1981) (costs assessed against the defendants who removed diversity case where defendants were citizens of the state where the action was

---

[1] Cracker Barrel, in its notice of removal, briefly cites to 28 U.S.C. § 1331, the federal question jurisdiction statute.  Id. However, Cracker Barrel never expressly argues that there is federal question jurisdiction, nor points to a federal law that this case may arise under.

brought). The purpose of awarding costs and fees is to "reimburse a party for the costs associated with an improper removal" and thus, a finding of bad faith is unnecessary. Allen v. Monsanto Co., 396 F. Supp. 2d 728 (S.D. W. Va. 2005) (remanding and awarding attorneys' fees).

It appears that the removing defendant, Cracker Barrel, was aware that its co-defendant Sean Cross, was a citizen of the state in which the action was brought. The defect in removal was relatively obvious and should have been known to Cracker Barrel. Therefore, the court finds that an award of attorneys' fees is appropriate to compensate plaintiff for the costs associated with responding to the removal. Plaintiff is directed to submit an itemized accounting of his costs and attorneys' fees, together with any supporting affidavits of customary hourly rates of attorneys doing similar work. Defendants are directed to file any objections they have to the accounting within ten days of said accounting being filed. Within three days, plaintiff may file a reply to any objections. The parties are directed to confer in an effort to resolve the amount of plaintiff's costs and attorneys' fees.

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's motion to remand be, and it hereby is, granted.
2. The request for an award of costs and attorneys' fees be, and it hereby is, granted.
3. Judgment of remand is withheld pending resolution of plaintiff's costs and attorneys' fees.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties, and further directed to forward a certified copy of this order the clerk of court for the Circuit Court of Wood County.

ENTER: November 3, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge